UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESUS DE LEON, ET AL.,                    No. 2:12-cv-2740-TLN-EFB

       Plaintiffs,

                          **AMENDED** PRETRIAL SCHEDULING ORDER

    v.

ROBERT BURKETT, ET AL.,

       Defendants.

_____/

    After reviewing Defendants' request to allow further pleading amendments, the Court amends the Pretrial Scheduling Order.

    I.   SERVICE OF PROCESS

    All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

    II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

    The parties have until October 17, 2013, to amend pleadings. After that date, further amendments to pleadings will not be allowed except by leave of court, good cause having been shown.

///

1

1    III.  <u>JURISDICTION/VENUE</u>

2        Jurisdiction is predicated upon 28 U.S.C. § 1331 and Section

3    16(b) of the FLSA, and 29 U.S.C. § 216(b).  Jurisdiction and

4    venue are not contested.

5

6                    **<u>PHASE I – CLASS CERTIFICATION</u>**

7

8    IV.  <u>CLASS CERTIFICATION</u>

9        The Plaintiff's motion for class certification shall be

10   filed by **January 16, 2014.**  Defendant's opposition shall be filed

11   by **February 6, 2014.**  Plaintiff's reply shall be filed by

12   **February 20, 2014.**  The Class Certification Hearing is set for

13   **March 13, 2014,** at **2:00 p.m.**

14                              **<u>PHASE II</u>**

15

16   V.   <u>DISCOVERY</u>

17       All discovery, with the exception of expert discovery, shall

18   be completed by **November 13, 2014.**  In this context, "completed"

19   means that all discovery shall have been conducted so that all

20   depositions have been taken and any disputes relative to

21   discovery shall have been resolved by appropriate order if

22   necessary and, where discovery has been ordered, the order has

23   been obeyed.  All motions to compel discovery must be noticed on

24   the magistrate judge's calendar in accordance with the local

25   rules of this Court.

26   VI.  <u>DISCLOSURE OF EXPERT WITNESSES</u>

27       All counsel are to designate in writing, file with the

28   Court, and serve upon all other parties the name, address, and

                                    2

area of expertise of each expert that they propose to tender at
trial not later than **January 13, 2015.**[1]  The designation shall be
accompanied by a written report prepared and signed by the
witness.  The report shall comply with Fed. R. Civ. P.
26(a)(2)(B).

Within thirty (30) days after the designation of expert
witnesses, any party may designate a supplemental list of expert
witnesses who will express an opinion on a subject covered by an
expert designated by an adverse party.  The right to designate a
supplemental expert for rebuttal purposes only shall apply to a
party who has not previously disclosed an expert witness on the
date set for expert witness disclosure by this Pretrial
Scheduling Order.

Failure of a party to comply with the disclosure schedule as
set forth above in all likelihood will preclude that party from
calling the expert witness at the time of trial.  An expert
witness not appearing on the designation will not be permitted to
testify unless the party offering the witness demonstrates:
(a) that the necessity for the witness could not have been
reasonably anticipated at the time the list was proffered;
(b) that the Court and opposing counsel were promptly notified
upon discovery of the witness; and (c) that the witness was
promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert"
is any person who my be used at trial to present evidence under

---

[1] The discovery of experts will include whether any motions
based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S.
579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167
(1999) are anticipated.

1  Rules 702, 703, and 705 of the Federal Rules of Evidence, which

2  include both "percipient experts" (persons who, because of their

3  expertise, have rendered expert opinions in the normal course of

4  their work duties or observations pertinent to the issues in the

5  case) and "retained experts" (persons specifically designated by

6  a party to be a testifying expert for the purposes of

7  litigation).

8       Each party shall identify whether a disclosed expert is

9  percipient, retained, or both.  It will be assumed that a party

10  designating a retained expert has acquired the express permission

11  of the witness to be so listed.  Parties designating percipient

12  experts must state in the designation who is responsible for

13  arranging the deposition of such persons.

14       All experts designated are to be fully prepared at the time

15  of designation to render an informed opinion, and give their

16  bases for their opinion, so that they will be able to give full

17  and complete testimony at any deposition taken by the opposing

18  party.  Experts will not be permitted to testify at the trial as

19  to any information gathered or evaluated, or opinion formed,

20  after deposition taken subsequent to designation.

21       Counsel are instructed to complete all discovery of expert

22  witnesses in a timely manner in order to comply with the Court's

23  deadline for filing dispositive motions.

24       VII.  <u>MOTION HEARING SCHEDULE</u>

25       The last day to hear dispositive motions shall be **April 9,**

26  **2015.**  The parties shall comply with the following filing

27  deadlines:

28  ///

4

| | |
|---|---|
| Dispositive motion | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

All purely legal issues are to be resolved by timely pretrial motions. Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

///

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1    The parties are reminded that a motion in limine is a
2    pretrial procedural device designed to address the admissibility
3    of evidence.  The Court will look with disfavor upon
4    dispositional motions presented at the Final Pretrial Conference
5    or at trial in the guise of motions in limine.

6    The parties are cautioned that failure to raise a
7    dispositive legal issue that could have been tendered to the
8    court by proper pretrial motion prior to the dispositive motion
9    cut-off date may constitute waiver of such issue.

10    VIII. FINAL PRETRIAL CONFERENCE

11    The Final Pretrial Conference is set for **June 18, 2015** at
12    **2:00 p.m.**  At least one of the attorneys who will conduct the
13    trial for each of the parties shall attend the Final Pretrial
14    Conference.  If by reason of illness or other unavoidable
15    circumstance a trial attorney is unable to attend, the attorney
16    who attends in place of the trial attorney shall have equal
17    familiarity with the case and equal authorization to make
18    commitments on behalf of the client.

19    Counsel for all parties are to be fully prepared for trial
20    at the time of the Final Pretrial Conference, with no matters
21    remaining to be accomplished except production of witnesses for
22    oral testimony.

23    The parties shall file, not later than **May 21, 2015,** a Joint
24    Final Pretrial Conference Statement.  The provisions of Local
25    Rules 281 shall apply with respect to the matters to be included
26    in the Joint Final Pretrial Conference Statement.  In addition to
27    those subjects listed in Local Rule 281(b), the parties are to
28    provide the Court with a plain, concise statement that identifies

every non-discovery motion tendered to the Court and its resolution.   Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: tlnorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.   The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.   The disputed facts should be identified in the same manner.   Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.   Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.   Points of law should reflect issues derived from the core undisputed and disputed facts.   Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in

plain concise language which will be read to the jury at the
beginning of the trial.   The purpose of the joint statement is to
inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281
they are required to list in the Joint Final Pretrial Conference
Statement all witnesses and exhibits they propose to offer at
trial.   After the name of each witness, each party shall provide
a brief statement of the nature of the testimony to be proffered.
The parties may file a joint list or each party may file separate
lists.   These list(s) shall not be contained in the body of the
Joint Final Pretrial Conference Statement itself, but shall be
attached as separate documents to be used as addenda to the Final
Pretrial Order.

Plaintiff's exhibits shall be listed numerically.
Defendant's exhibits shall be listed alphabetically.   The parties
shall use the standard exhibit stickers provided by the Court
Clerk's Office: pink for plaintiff and blue for defendant.   In
the event that the alphabet is exhausted, the exhibits shall be
marked "AA-ZZ" and "AAA-ZZZ" etc.   After three letters, note the
number of letters in parenthesis (i.e., "AAAA(4)") to reduce
confusion at trial.   All multi-page exhibits shall be stapled or
otherwise fastened together and each page within the exhibit
shall be numbered.   All photographs shall be marked individually.
The list of exhibits shall not include excerpts of depositions,
which may be used to impeach witnesses.   In the event that
Plaintiff and Defendant offer the same exhibit during trial, that
exhibit shall be referred to by the designation the exhibit is
first identified.   The Court cautions the parties to pay

8

attention to this detail so that all concerned, including the
jury, will not be confused by one exhibit being identified with
both a number and a letter.

The Final Pretrial Order will contain a stringent standard
for the offering at trial of witnesses and exhibits not listed in
the Final Pretrial Order, and the parties are cautioned that the
standard will be strictly applied.  On the other hand, the
listing of exhibits or witnesses that a party does not intend to
offer will be viewed as an abuse of the court's processes.

The parties also are reminded that pursuant to Rule 16 of
the Federal Rules of Civil Procedure it will be their duty at the
Final Pretrial Conference to aid the Court in: (a) the
formulation and simplification of issues and the elimination of
frivolous claims or defenses; (b) the settling of facts that
should properly be admitted; and (c) the avoidance of unnecessary
proof and cumulative evidence.  Counsel must cooperatively
prepare the Joint Final Pretrial Conference Statement and
participate in good faith at the Final Pretrial Conference with
these aims in mind.  A failure to do so may result in the
imposition of sanctions which may include monetary sanctions,
orders precluding proof, elimination of claims or defenses, or
such other sanctions as the Court deems appropriate.

IX.   <u>TRIAL BRIEFS</u>

The parties shall file trial briefs not later than **June 4,
2015.**  Counsel are directed to Local Rule 285 regarding the
content of trial briefs.

///

///

1     X.   UNDERLINE EVIDENTIARY AND/OR PROCEDURAL MOTIONS

2          Any evidentiary or procedural motions are to be filed by **May 28, 2015.**  Oppositions must be filed by **June 4, 2015** and any reply must be filed by **June 11, 2015.**  The motions will be heard by the Court at the same time as the Final Pretrial Conference.

6     XI.  TRIAL SETTING

7          The trial is set for **August 31, 2015 at 9:00 a.m.**  Trial will be by jury.  The panel will consist of **eight (8) jurors.** The parties estimate a trial length of **ten (10) days.**

10    XII. SETTLEMENT CONFERENCE

11         At the Final Pretrial Conference, the Court may set a settlement conference if the parties so request.  In the event no settlement conference is requested, the parties are free to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

16         In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.  If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

28         Notwithstanding the foregoing, the parties may request a

10

settlement conference prior to the Final Pretrial Conference if
they feel it would lead to the possible resolution of the case.
In the event an early settlement conference date is requested,
the parties shall file said request jointly, in writing.  The
request must state whether the parties waive disqualification,
pursuant to Local Rule 270(b), before a settlement judge can be
assigned to the case.  Absent the parties' affirmatively
requesting that the assigned Judge or Magistrate Judge
participate in the settlement conference AND waiver, pursuant to
Local Rule 270(b), a settlement judge will be randomly assigned
to the case.

XIII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

Pursuant to Local Rule 271 parties will need to lodge a
stipulation and proposed order requesting referral to the
Voluntary Dispute Resolution Program.

XIV.  <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the
Federal Rules of Civil Procedure, the Pretrial Scheduling Order
shall not be modified except by leave of court upon a showing of
**good cause.**  Agreement by the parties pursuant to stipulation
alone to modify the Pretrial Scheduling Order does not constitute
good cause. Except in extraordinary circumstances, unavailability
of witnesses or counsel will not constitute good cause.

XV.  <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

This Pretrial Scheduling Order will become final without
further order of the Court unless objections are filed within
seven (7) *court* days of service of this Order.
///

1    XVI.  <u>PROPOSED REVISIONS</u>

2        The Court is in receipt of Defendants' proposed revisions to

3    paragraph 6 of the joint status report and request for status

4    conference.  (ECF No. 16.)  Defendants appear to change positions

5    from their joint scheduling report submitted previously and

6    signed by counsel for Defendants.  (ECF No. 15.)  The Court

7    considers the proposed revisions submitted by Defendants but

8    declines to adopt Defendants' proposals for phased discovery at

9    this time.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541,

10   2551-52 (2011) ("Frequently that rigorous analysis [of class

11   certification] will entail some overlap with the merits of the

12   plaintiff's underlying claim. . . .The class determination

13   generally involves considerations that are enmeshed in the

14   factual and legal issues comprising the plaintiff's cause of

15   action.") (internal quotation marks omitted).

16       IT IS SO ORDERED.

17   DATED:    August 8, 2013

18

19

20                                    Troy L. Nunley
                                      United States District Judge
21

22

23

24

25

26

27

28