UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DE LEON, JOSE DE JESUS URZUA, RUBEN GALLO, RUBEN GALLO JR., JUAN MANUEL GALLO, CRECENSIO SANCHEZ, ALEJANDRO ROMO MORALES, JOSE ROBERTO SANTOS CASTRO, VICENTE SANTOS CASTRO, RICARDO TRUJILLO, LUIS GALLO, and MELKISEDEC BARRERA, on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>BURKETT'S POOL PLASTERING, INC., ROBERT BURKETT, and MATTHEW WINDORSKI,<br><br>Defendants. | No. 12-cv-02740 TLN-EFB<br><br>**ORDER** |

This matter is before the court on Plaintiffs' "request for an order modifying the scheduling order." (ECF 29.) Defendants have filed objections to the request. (ECF 34.) Plaintiff has filed a reply. (ECF 35.) For the reasons set forth below, Plaintiffs' request is DENIED.

///

///

1

1             **FACTUAL & PROCEDURAL BACKGROUND**

2    Plaintiffs "seek to recover unpaid wages and all available remedies under the Fair Labor
3    Standards Act ("FLSA") and the California Labor Code and Wage Orders of the Industrial
4    Welfare Commission." (ECF 1 ¶ 2.) "This action is brought as a collective opt-in action under
5    the FLSA, . . ." (Id.)

6    Plaintiffs filed their FLSA complaint on November 6, 2012. (ECF 1.) This matter was
7    reassigned from the Honorable William B. Shubb to the undersigned on April 30, 2013. (ECF
8    13.) The undersigned issued a pretrial scheduling order on July 30, 2013. (ECF 16.) The pretrial
9    scheduling order provided that "Plaintiff's motion for class certification shall be filed by January
10   16, 2014", and Defendant's opposition by February 6, 2014. (Id. at 2:9-13.) The court set the
11   hearing on Plaintiffs' motion for class certification for March 13, 2014. (Id.)

12   Relevant for purposes of this request, Plaintiffs allege that they noticed the deposition of
13   Defendants' person most knowledgeable on January 3, 2014, and the parties agreed to schedule
14   the deposition for January 14, 2014, two days before the date Plaintiff's motion for class
15   certification was due. (ECF 29 at 4:4-8; Decl. of Stan Mallison, ECF 30 ¶¶ 5-6. Ex. 4.)
16   Plaintiffs' counsel admits that he arrived late to the deposition but avers that he notified the court
17   reporter that he was running late. Plaintiffs also aver that the court reporter could not relay the
18   message to defense counsel and Defendants therefore left the site of the deposition. (ECF 30 ¶ 8.)

19   Defendants maintain that their person most knowledgeable arrived at the deposition at
20   9:15 a.m. and Defendants' counsel arrived at 9:30 a.m. (Decl. of Robert Burkett, ECF 34-3 ¶ 2;
21   Decl. of Mark Van Brussel, ECF 34-2 ¶ 9.) The deposition was scheduled to begin at 10:00 a.m.
22   (ECF 34-2 ¶ 9.) At 10:00 a.m., when Plaintiffs' counsel had not arrived, Defendants' counsel
23   emailed Plaintiffs' counsel and his secretary to inquire as to his estimated time of arrival. (Id. ¶
24   11.) At 10:30 a.m., when Plaintiffs' counsel still had not arrived at the deposition, Defendants'
25   counsel returned to his office in Sacramento and Defendants' person most knowledgeable
26   returned to his office in Ripon. (Id. ¶ 16.)

27   ///
28   ///

1   Through their request, Plaintiffs "request that the Court modify[] the scheduling order to
2   vacate the current class certification schedule pending the completion of critical class discovery."
3   (ECF 29 at 1:27-28.)  Plaintiffs also request that the court set a case management conference
4   during which "the parties will finalize a date for Defendants' 30(b)(6) deposition and discuss
5   additional class discovery needed for class certification."  (Id. at 2:22-25.)

## ANALYSIS

Plaintiffs forward two primary arguments in support of their request.  First, Plaintiffs assert that they attempted to depose Defendants to no avail.  Plaintiffs aver that "[w]ithout testimony from this key witness, Plaintiffs are simply unable to acquire evidence regarding Defendants' wage and hour practices and policies," and thus, would not be able to engage in informed class-certification briefing.  (ECF 29 at 2:2-9.)  Second, Plaintiffs maintain that Plaintiffs did not have sufficient time to review and investigate the "large volume of written discovery" defendants served upon Plaintiffs' on December 27, 2013.  (Id. at 2:10-20.)

Defendants argue that the request should be denied "because [Plaintiffs] have not been diligent and cannot show that any inability on their part to timely file their motion was due to unforeseen or unanticipated developments that, despite their diligence, they were unable to overcome."  (ECF 34 at 5:27-6:2.)  Defendants suggest that Plaintiffs' lack of diligence is reflected by their failure to move to modify the scheduling order until January 14, 2014, two days before the deadline for filing a class certification motion.  (Id. at 6:15-18.)  Defendants also argue that the documents they produced in December 2013, have no bearing on the motion for class certification because they are comprised of the "same 3-1/2 page agreement, in English and Spanish, and signed by a portion of [Defendants'] employees."  (Id. at 8:6-9.)

Federal Rule of Civil Procedure 16, which controls pretrial conferences, scheduling and case management, also establishes a timetable for the filing of motions. As such, once a district court has issued a pretrial scheduling order, Rule 16's standards control. Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), the scheduling order "may be modified only for good cause."

///

1  ///

2        The "good cause" standard primarily considers the diligence of the party seeking

3  amendment. Johnson, 975 F. 2d at 609.  In defining the standard, the Ninth Circuit has explained:

> The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

9  Id. (internal citations and quotations omitted)

10        For the reasons that follow, Plaintiff's request is denied.  The court agrees with Defendants that Plaintiffs have failed to exercise the requisite due diligence in seeking the discovery they assert is needed for purposes of preparing their motion for class certification.  The court issued its scheduling order in July 2013, leaving Plaintiffs approximately 5 ½ months to notice the deposition of Defendants' person most knowledgeable.  Despite having 5 ½ months, Plaintiffs failed to do so until January 3, 2014, a mere thirteen days before the filing cut off for Plaintiffs' motion for class certification.  Plaintiffs' belated deposition notice resulted in a deposition date of January 14, 2014, a mere two days prior to the filing cut off.  This eleventh hour deposition date begs the question: Even if Plaintiffs' counsel took the deposition on January 14, would that provide Plaintiff sufficient time to digest the information they claim they need in order to produce an informed class certification motion?

21        The timing of Plaintiffs' current request begs another question regarding Plaintiffs' diligence: If, as Plaintiffs so vehemently proclaim, they need further discovery in order to move for class certification, why did they wait until two days before the class certification cut off to file the instant request to modify the scheduling order?  Plaintiffs' counsel—who proclaim themselves to be seasoned wage and hour class action attorneys—should have attempted to either acquire the information they allegedly need or moved to modify the scheduling order in the months preceding the class certification cut off.

28  ///

4

///

As the Ninth Circuit has instructed, where the court finds that the party moving to modify a Rule 16 scheduling order was not diligent, the inquiry should end. Here, because the court finds that Plaintiffs' were not diligent, Plaintiffs' request is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiffs' request to modify the pretrial scheduling order and vacate the filing date for Plaintiffs' class certification motion is DENIED.

Dated: February 18, 2014

Troy L. Nunley
United States District Judge